CHERIE RAY,

        Plaintiff,

              Case No. 26-cv-0032-bhl

     v.

STATE OF WISCONSIN DEPARTMENT OF
WORKFORCE DEVELOPMENT, ANDREW
RUBSAM and CHRISTINE FRANCKE,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

On December 8, 2025, Plaintiff Cherie Ray, proceeding without an attorney, filed a complaint in Milwaukee County Circuit Court alleging that the State of Wisconsin Department of Workforce Development (WDWD), Andrew Rubsam, and Christine Francke violated her Fourteenth Amendment rights to equal protection and due process. (ECF No. 1-1 at 3–5, ¶¶4.1–4.6.)) Defendants removed the case to this Court on January 7, 2026, (ECF No. 13), and have now moved to dismiss, (ECF Nos. 6 & 7). Defendants contend that Ray's claims fail because (1) the WDWD is not a person within the meaning of 42 U.S.C. §1983; (2) sovereign immunity under the Eleventh Amendment bars a finding of liability against any of them; and (3) the complaint fails to state a claim for which relief may be granted. (ECF No. 7 at 1.) Ray opposes the motion. (ECF No. 12.) For the reasons explained below, the Court will grant Defendants' motion to dismiss but grant Ray leave to amend her complaint.

### BACKGROUND[1]

Ray is a resident of Milwaukee, Wisconsin. (ECF No. 1-1 at 4, ¶2.1.) Defendant WDWD is a state agency that administers Wisconsin's unemployment programs, including the Pandemic Unemployment Assistance (PUA) program. (*Id.* at 4, ¶2.2). Defendant Andrew Rubsam is an

---

[1] This Background is derived from Ray's complaint, (ECF No. 1-1), the allegations in which are presumed true when considering a motion to dismiss, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

attorney employed by the DWD. (*Id.* at 4, ¶2.3.) Defendant Christine Francke is an adjudicator employed by the DWD. (*Id.* at 4, ¶2.4.)

The basic facts underlying Ray's claims are not entirely clear. It appears that Ray filed a claim for PUA benefits with the WDWD in January of 2021. (*Id.* at 4, ¶3.1.) The agency initially accepted her claim and determined she was eligible for benefits. (*Id.* at 4, ¶3.2.) Years later, however, on or about August 10, 2024, Francke, acting as an adjudicator for the WDWD, "made an erroneous determination regarding [Ray's] eligibility for PUA benefits." (*Id.*) Francke "reverse[d] an already completed [WDWD] determination," and "questioned [Ray's] responses to a 7-page PUA questionnaire" that Ray had not received in 2021 due to an "oversight." (*Id.* at 4–5, ¶4.2.) Francke then issued a follow up questionnaire and forwarded "188 pages of [Ray's] unemployment history[.]" (*Id.*) Ray attempted to appeal, but Rubsam "failed to provide an adequate legal remedy or due process protections" to her. (*Id.* at 4, ¶3.3.) Rubsam also ignored a judge's "practical resolution" during a zoom call on July 3, 2024 "to work with [Ray] to get benefits." (*Id.* at 4–5, ¶4.2.) Finally, at a May 2025 court hearing, Rubsam used a "mailing error and loophole to terminate [Ray's] right to hear the case." (*Id.*)

Based on these limited and somewhat confusing factual allegations, Ray seeks damages and a "declaratory judgment that Defendants' actions violated [her] constitutional rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment." (*Id.* at 5.)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint "must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a

right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Courts construe *pro se* complaints liberally. *Id.*; *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

## ANALYSIS

Ray invokes 42 U.S.C. §1983 and contends that Defendants violated her procedural due process and equal protection rights. (ECF No. 1-1 at 4–5, ¶¶4.1–4.6.)) Defendants contend that both claims fail as to all three defendants. The Court agrees and will grant the motion to dismiss but allow Ray the opportunity to try to amend her pleading.[2]

Ray's attempt to sue WDWD for constitutional violations fails because the agency cannot be sued under Section 1983. To bring a claim under this statute, a plaintiff must allege that she was deprived of a right secured by the Constitution or federal law by a person acting under color of law. *Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011). A state is not a person within the meaning of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Pursuant to Wis. Stat. §15.22, WDWD is a department within the executive branch of the Wisconsin state government and therefore part of the state. *See* Wis. Stat. §15.001(1). Because this claim can be resolved on these statutory grounds, the Court will not address whether sovereign immunity also bars Ray's suit against DWD. *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 925–26 (7th Cir. 2012); *Odogba v. Wis. Dep't of Just.*, 22 F.Supp.3d 895, 908 (E.D. Wis. 2014).

This legal principle does not necessarily bar Ray's claims against the remaining defendants. Rubsam and Francke are state officials, and Section 1983 permits *some* suits against state officials for constitutional violations. An aggrieved plaintiff can sue state officials in their official capacity but only for prospective injunctive relief. *Odogba*, 22 F.Supp.3d at 908 (citing *Williams v. Wisconsin*, 336 F.3d 576, 581 (7th Cir. 2003)). And *Ex Parte Young*, 209 U.S. 123, 159–60 (1908), confirms that official capacity suits against state officials seeking prospective relief are not barred by sovereign immunity under the Eleventh Amendment. *Williams*, 336 F.3d at 581. Ray's complaint does not specify whether Rubsam and Francke are sued in their official or individual capacities, but her response brief suggests she intends to sue them in their official capacity. (ECF No. 12 at 1.) In terms of her requested relief, Ray's complaint specifies that she seeks

---

[2] Defendants also filed a motion to strike Ray's sur-reply to their motion to dismiss. (ECF No. 16.) The Court will deny the motion.

compensatory and punitive damages and a declaratory judgment. (ECF No. 1-1 at 5.) She does not ask for prospective injunctive relief. (*Id.*) While Ray claims in her response brief that she is seeking prospective relief to remedy an ongoing violation, (ECF No. 12 at 1), that contention is inconsistent with her pleading. Given that her claims against these defendants fail for other reasons, the Court will not address this discrepancy further. To the extent Ray attempts to amend her complaint in response to this order, she should keep in mind the limitations on the claims she can bring under Section 1983.

Ray's attempt to assert violations of her Equal Protection rights fails for the additional reason that she has not alleged facts sufficient to support such a claim. She alleges that Defendants "treated [her] claim for unemployment benefits differently from other similarly situated individuals, in violation of the Equal Protection Clause." (ECF No. 1-1 at 5, ¶4.5.) To raise a claim under the equal protection clause, a plaintiff must generally allege purposeful discrimination directed at an identifiable or suspect class. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also McClesky v. Kemp*, 481 U.S. 279, 292 (1987). Ray does not allege that she is a member of any identifiable or suspect class. An exception to this general rule is for "class of one" Equal Protection claims, but Ray has not alleged facts to support such a theory. To proceed as a "class of one," a plaintiff must allege that she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685–86 (7th Cir. 2013) (citations omitted). The Seventh Circuit has noted the "perplexing situation" created by motions to dismiss lawsuits challenging government action subject to rational basis review. *Flying J Inc. v. City of New Haven,* 549 F.3d 538, 546 (7th Cir. 2008) (quoting *Wroblewski v. City of Washburn,* 965 F.2d 452, 459 (7th Cir. 1992)). "[T]o get past a Rule 12(b)(6) motion to dismiss on a class of one equal protection claim, 'a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications.'" *Id.* (quoting *Wroblewski,* 965 F.2d at 460). Ray has not pleaded facts that suggest that she was singled out for disparate treatment of any type, let alone that her treatment was irrational. *See Iqbal*, 556 U.S. at 678; *see also D.B. ex rel. Kurtis B.,* 725 F.3d at 685–87. While she references the existence of similarly situated individuals, she alleges no facts related to them. Ray's complaint therefore fails to state a claim for a violation of the equal protection clause.

Ray has also failed to allege facts sufficient to support her claim that Defendants Rubsam and Francke violated, or continue to violate, her procedural due process rights. Ray alleges that

the individual Defendants violated her right to due process by reassessing or otherwise challenging an initial determination that granted her unemployment benefits, a property interest. (ECF No. 1-1 at 4–5, ¶¶4.1–4.3.) "To demonstrate a procedural due process violation of a property right, the plaintiff must establish that there is (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010) (quotations omitted) (quoting *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004)). Cognizable property interests are "interests that a person has already acquired in specific benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 576 (1972). To have a property interest in a benefit, a person must have "a legitimate claim of entitlement to it." *Id.* at 577.

Defendants argue that Ray has not alleged that she had a cognizable property interest in the PUA benefits she was eventually denied and that she "has pled no facts to establish that she has an interest arising from state law or a mutually explicit understanding." (ECF No. 7 at 6.) Defendants ask too much of Ray's pleading. Ray's complaint alleges, albeit confusingly, that she was awarded unemployment benefits and that the individual defendants later revoked those benefits. (ECF No. 1-1 at 4, ¶¶3.2–3.3.) Without deciding whether those allegations are accurate, they do offer a sufficient factual basis to allow the Court to infer that Ray had some cognizable property interest in her unemployment benefits. *See Khan*, 630 F.3d at 527 (assuming landlord had a protected property interest in existing housing assistance payment contracts); *see also Sherwood v. Marchiori*, 76 F.4th 688, 696 (7th Cir. 2023) (noting the parties did not dispute that plaintiffs who had applied for unemployment assistance benefits, but never received a determination of their eligibility, had a property interest in those benefits).

Nevertheless, Ray has failed to allege facts supporting a finding that the state court process she was afforded was insufficient to satisfy Due Process. Although Ray's allegations concerning the process are not clear, she alleges multiple points at which her PUA benefits determination was reviewed, and that the determination was reviewed in state court. (ECF No. 1-1 at 4–5, ¶¶3.2, 4.2.) When a plaintiff has available adequate state remedies, and *actually pursues* them, the plaintiff cannot then "come into federal court complaining that [she] was not afforded due process." *Cleven v. Soglin*, 903 F.3d 614, 617 (7th Cir. 2018); *Sherwood*, 76 F.4th at 696 (holding plaintiffs could "only sustain their claims if Illinois provides *no* adequate post-deprivation remedies that they could have pursued instead of coming to federal court."). "To be adequate, a state remedy must 'offer meaningful redress for the particular injury suffered by the plaintiff.'" *Sherwood,* 76 F.4th at 696

(quoting *Simpson v. Brown Cnty.*, 860 F.3d 1001, 1010 (7th Cir. 2017)). Ray has not alleged facts to suggest that the review she was afforded was inadequate, merely that it resulted in an outcome adverse to her. Accordingly, her Due Process claim is also insufficiently pleaded.

Because Ray has not alleged facts to support her claims, the Court will grant Defendants' motion to dismiss. The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend her complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Ray's chances of successfully amending her complaint and surviving a second motion to dismiss seem extremely slim, given the facts alleged in this complaint. The Court will, however, grant her leave to amend. If Ray believes she can cure the deficiencies identified in this decision, she may file an amended complaint by June 25, 2026. Ray's amended complaint should read like a narrative being told to someone who does not know what happened. It should specify when and where the relevant events occurred and explain what happened. It does not need to include citations to cases. The amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede Ray's prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is not received, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

### CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss, ECF No. 6, is **GRANTED**. If Ray wishes to continue this lawsuit, she must file an amended complaint on or before **June 25, 2026**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Sur-Reply, ECF No. 16, is **DENIED**.

Dated at Milwaukee, Wisconsin on May 26, 2026.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge