UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHERIE RAY,

Plaintiff,

Case No. 26-cv-0032-bhl

v.

STATE OF WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT, ANDREW RUBSAM and CHRISTINE FRANCKE,

Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

---

On December 8, 2025, Plaintiff Cherie Ray, proceeding without an attorney, filed a complaint in Milwaukee County Circuit Court alleging that the State of Wisconsin Department of Workforce Development (WDWD), Andrew Rubsam, and Christine Francke violated her Fourteenth Amendment rights to equal protection and due process. (ECF No. 1-1 at 3–5, ¶¶4.1–4.6.)) Defendants removed the case to this Court on January 7, 2026, (ECF No. 1), and moved to dismiss, (ECF Nos. 6 & 7). The Court granted Defendants' motion to dismiss but granted Ray leave to amend her complaint. (ECF No. 18.) Ray filed an amended complaint, which Defendants again moved to dismiss. (ECF Nos. 19 & 20.) Because Ray's amended complaint fails to state a claim, the Court will grant Defendants' motion and dismiss this action.[1]

**BACKGROUND**

Ray's amended complaint concerns her applications for Pandemic Unemployment Assistance (PUA) Benefits during 2020 and 2021. She does not identify what claims she wishes to bring in her amended complaint. Overall, she complains that the procedure she received during

---

[1]Ray also filed two additional sur-replies without the Court's leave or authorization, (ECF Nos. 24 & 26), which Defendants moved to strike, (ECF Nos. 25 & 27). Because motions to strike generally only clutter the docket, especially while filed repeatedly against *pro se* plaintiffs, and the sur-replies do not change the disposition of the motion to dismiss, the Court will deny these motions.

the adjudication of her benefits applications, including an unsuccessful state court appeal of the redetermination decision she challenges in this lawsuit, was unfair and inadequate.[2]

On October 8, 2021, two determinations were issued involving Ray's applications for benefits. The first determination granted Ray PUA benefits for the week ending January 2, 2021. (ECF No. 19 at 1; ECF No. 19-1 at 1.) The second determination denied her benefits for 2020. (ECF No. 19 at 1; ECF No. 19-1 at 2.) Ray alleges that her 2021 benefits were not issued, and she called numerous times to find out why they had not been. (ECF No. 19 at 1.) She was informed that she had to address the 2020 denial first before any benefits would be issued for 2021, but she had missed the deadline to appeal. (*Id.*) She attempted to appeal the 2020 determination by "fil[ing]" the 2020 determination with the Law Judge" and the Labor and Industry Review Commission. (*Id.* at 2.)

Ray filed several lawsuits about her PUA benefit determination in the following years. According to state court records, Ray sued the Wisconsin Department of Workforce Development and Labor & Industry Review Commission (LIRC) at least four times. *See Ray v. LIRC*, No. 2025CV003957 (Milwaukee Cnty. Cir. Ct. July 8, 2025); *Ray v. LIRC*, No. 2024CV10254 (Milwaukee Cnty. Cir. Ct. April 24, 2024); *Ray v. LIRC*, No. 2022CV006627 (Milwaukee Cnty. Cir. Ct. Dec. 20, 2022); *Ray v. Dept. of Workforce DWD et al.*, No. 2023CV009659 (Milwaukee Cnty. Cir. Ct. July 16, 2024); (ECF No. 19 at 2–3.)

A hearing was held in one of those lawsuits on June 3, 2024. Ray includes in her amended complaint a purported excerpt of a transcript created from a Zoom recording of that hearing. (ECF No. 19 at 2–3.) At that hearing, an attorney named Mr. Cassell noted that Ray's benefits had been allowed for her 2021 claim, but not her 2020 claim, that he had attempted to investigate and learned that Ray's 2021 benefits were described as "still pending," and that res judicata warranted dismissing her case, because she had attempted to sue on an issue that had already been adjudicated in 2022. (*Id.* at 3.) He also stated that Ray had failed to timely serve her summons and complaint on the Defendants. (*Id.*) During the hearing, Ray was informed of the person she should contact to attempt to resolve her claim, and the case was dismissed soon after. (*Id.* at 3); *Ray v. Dept. of Workforce DWD et al.*, No. 2023CV009659 (Milwaukee Cnty. Cir. Ct. July 16, 2024).

[2]This Background is derived from Ray's amended complaint, (ECF No. 19), the allegations in which are presumed true when considering a motion to dismiss, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007). Ray also attaches several documents, which the Court may also consider. *See Williamson v. Curran*, 714 F.3d 432, 435–36 (7th Cir. 2013); *see also* Fed. R. Civ. P. 10(c).

Adjudicator Christine Francke was subsequently assigned to Ray's 2021 benefits claim and sent her an additional form. (ECF No. 19 at 3.) Ray eventually completed the form but included a note saying that she was signing it under duress. (*Id.*) She was then directed to complete another three-page "follow up questionnaire." (*Id.*) Ray completed it. (*Id.*) After receiving this additional information, Adjudicator Francke disagreed with the older determination regarding Ray's 2021 PUA benefits and issued a new determination declining to issue PUA benefits for 2021. (*Id.* at 4.)

Ray filed an administrative appeal of this redetermination. (*Id.* at 4.) In the course of this appeal, Adjudicator Francke submitted evidence related to older claims for unemployment benefits that Ray had made. (*Id.*) Ray lost her appeal. (*Id.*)

She then "filed a summons and complaint regarding the appeal" in a Wisconsin Circuit Court, but that was "thrown out based on a mailing technicality." (*Id.*) She then started another civil lawsuit in Milwaukee Circuit Court, which Defendants removed to this Court. (*Id.*)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint "must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Courts construe *pro se* complaints liberally. *Id.*; *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

## ANALYSIS

In her amended complaint, Ray does not invoke any particular statute or cause of action. Her prior complaint invoked 42 U.S.C. §1983 and alleged violations of her Fourteenth Amendment procedural due process and equal protection rights. (ECF No. 1-1 at 4–5, ¶¶4.1–4.6.)) Although her prior pleading was superseded, her briefing in response to Defendants' motion to dismiss references these claims, and the Court will assume that she intends to bring Section 1983 claims for procedural due process and equal protection violations. In any event, Ray's amended complaint fails to state a claim and Defendants' motion to dismiss will be granted.

As an initial matter, Ray's amended complaint names only the WDWD as a Defendant. But the WDWD is not an entity that can be sued under Section 1983. To bring a claim under Section 1983, a plaintiff must allege that she was deprived of a right secured by the Constitution or federal law by *a person* acting under color of law. *Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011). A state is not a person within the meaning of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Pursuant to Wis. Stat. §15.22, the Department of Workplace Development is a department within the executive branch of the Wisconsin state government and is therefore part of the state. *See* Wis. Stat. §15.001(1). Because this claim can be resolved on these statutory grounds, the Court will not address whether sovereign immunity also bars Ray's suit against this Defendant. *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 925 (7th Cir. 2012); *Odogba v. Wis. Dep't of Just.*, 22 F. Supp. 3d 895, 908 (E.D. Wis. 2014).

In addition, Ray's allegations about the other putative Defendants also fail to state a claim. Ray previously sued two individuals, Andrew Rubsam and Christine Francke. (ECF No. 1-1.) They are no longer specifically named as defendants but are referenced in the amended complaint. (ECF No. 19 at 3.) As the Court noted in its prior order, whether Ray may sue these Defendants under the *Ex Parte Young* exception is not entirely clear. (ECF No. 18 at 3.) Even assuming she can sue them, as in her first complaint, Ray fails to allege facts to support an inference that the state court process she *was* afforded was insufficient to satisfy Due Process. (*Id.* at 5.)

"To demonstrate a procedural due process violation of a property right, the plaintiff must establish that there is '(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process.'" *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010) (quoting *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004)). When a plaintiff has available adequate state remedies to redress the deprivation of their property interest, the plaintiff cannot

then sustain a federal action "complaining that [she] was not afforded due process." *Cleven v. Soglin*, 903 F.3d 614, 617 (7th Cir. 2018) (quoting *Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 955 (7th Cir. 1988)); *Sherwood v. Marchiori*, 76 F.4th 688, 696 (7th Cir, 2023) (holding plaintiffs could "only sustain their claims if Illinois provides *no* adequate post-deprivation remedies that they could have pursued instead of coming to federal court."). "To be adequate, a state remedy must 'offer meaningful redress for the particular injury suffered by the plaintiff.'" *Sherwood,* 76 F.4th at 696 (quoting *Simpson v. Brown County*, 860 F.3d 1001, 1010 (7th Cir. 2017)).

Although Ray's allegations concerning the process are not clear, she alleges multiple points at which her PUA benefits redetermination was reviewed, multiple opportunities to be heard, that Francke's last redetermination was appealed administratively, that Ray's appeal was unsuccessful, and that she attempted further review in state court. (ECF No. 19 at 3–4.) When Ray sought further review in the Wisconsin Circuit Court, she failed because of a procedural defect. (*Id.*) Ray has not alleged facts to suggest that the review she was afforded was constitutionally inadequate, merely that it resulted in an outcome adverse to her. Accordingly, her Due Process claim is insufficiently pleaded.

While Ray asserts she intended to bring an equal protection claim, (ECF No. 26 at 1), her amended complaint includes no facts to support such a claim. To raise a claim under the equal protection clause, a plaintiff must generally allege purposeful discrimination directed at an identifiable or suspect class. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also McCleskey v. Kemp*, 481 U.S. 279, 292 (1987). Ray's second amended complaint does not allege that she is a member of any identifiable or suspect class.[3] Ray's sur-reply includes a statistic, purportedly from a Government Accountability Office survey showing a discrepancy between the success rate of black and white claimants seeking PUA benefits in Wisconsin, but this does not suggest that Francke intentionally issued a redetermination denying Ray's claim for benefits on the basis of her race. (ECF No. 26 at 1.)

Because Ray has not alleged facts to support a federal claim against Defendants, the Court will grant Defendants' motion to dismiss. Because Ray has already amended her complaint, the Court will deny her leave to amend further.

---

[3]While a plaintiff could proceed as a "class of one," alleging that she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685–86 (7th Cir. 2013) (citations omitted), Ray's complaint does not contain any facts to suggest she was singled out for disparate treatment, let alone that the treatment was irrational.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions to strike Plaintiff's sur-replies, ECF No. 25 & 27, are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Plaintiff's amended complaint, ECF No. 20, is **GRANTED**. Plaintiff's amended complaint is dismissed without prejudice. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 28, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge